IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2008

Charles R. Fulbruge III
Clerk

No. 08-60241
Summary Calendar

SHELTER MUTUAL INSURANCE CO

Plaintiff - Appellee

V.

WILLIAM SIMMONS; ANN SIMMONS

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:06-CV-136

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William and Ann Simmons appeal the district court's grant of summary judgment in favor of Shelter Mutual Insurance Company. We affirm.

Shelter Mutual issued a homeowners policy to Mr. and Mrs. Simmons for their home in Columbia, Mississippi. The policy was in place on August 29, 2005 when Hurricane Katrina caused damage to the home and property – including a brick driveway leading to the Simmons home. They filed a claim with Shelter

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mutual for the damage to the driveway. The estimate to repair the driveway was $82,857.00. After submitting the claim, a dispute arose between the homeowners and Shelter Mutual regarding which section of the policy provided coverage for the driveway repair. The homeowners argued that the "dwelling" section of the policy provided coverage, while Shelter Mutual responded that the "other structures" section provided the applicable coverage. The reason it mattered, unsurprisingly perhaps, was that the policy limit for "other structures" was less than the claim; the "dwelling" coverage limit was greater.

Shelter Mutual filed this declaratory judgment action to determine the appropriate coverage section. Resolving competing motions for summary judgment, the district court held that coverage for the driveway damage fell under the "other structures" section of the policy and granted summary judgment in favor of Shelter Mutual. The homeowners filed a timely appeal.

We review the district court's coverage determination de novo. Mid-Continent Cas. Co. v. Swift Energy Co., 206 F.3d 487, 491 (5th Cir. 2000). Because jurisdiction in this case is based on diversity, we apply Mississippi law. Id. Mississippi courts have well-established interpretive tools to aid in interpreting insurance contracts. We begin with the rule that if the "language in an insurance contract is clear and unambiguous, then the court should construe it as written." Jackson v. Daley, 739 So. 2d 1031, 1041 (Miss. 1999). A court should afford the terms of an insurance policy their plain, ordinary meaning. Noxubee County Sch. Dist. v. United Nat'l Ins. Co., 883 So. 2d 1159, 1165 (Miss. 2004).

This is the relevant language in the Shelter Mutual policy:

COVERAGE A - DWELLING INSURING AGREEMENTS

1.  We cover accidental direct physical loss to the following property, except for those perils and losses excluded under the heading "Exclusions Applicable to Coverages A & B."

(a)     Your dwelling, including building structures attached to it, at the residence premise, but only if that dwelling is used principally as a private residence.  If a building structure is connected to the dwelling by only a utility line or fence, it will not be considered attached to the dwelling for purposes of this coverage.

* * *

COVERAGE B - OTHER STRUCTURES INSURING AGREEMENTS

1.     We cover accidental direct physical loss to other structures which are permanently attached to the residence premises but not attached to your dwelling, except for those perils and losses excluded under the heading "Exclusions Applicable to Coverages A & B."  If a structure is connected to the dwelling by only a utility line or fence, it will not be considered attached to the dwelling for purposes of this coverage.

(emphasis added)

The question before us is whether the driveway is a "dwelling" or "building structure" under Coverage A, or is it an "other structure" under Coverage B. The policy does not define any of the relevant terms.  The district court, relying on the ordinary meanings of the terms, held that the driveway was neither a "dwelling" nor a "building structure," and therefore coverage fell under the "other structure" provision in Coverage B.  Shelter Mutual does not contest payment under Coverage B.  On appeal, Mr. and Mrs. Simmons argue that the district court erred by failing to consider the purpose of the homeowners policy and evaluating the provisions of the policy as a whole.  They allege that other defined terms in the policy – such as "residence premises," which includes "the building, the grounds, and other structures" – indicate a broad meaning for "dwelling" under Coverage A that would include the driveway. The district court properly held that a driveway's being part of the "resident premises" does not answer whether it is a "building structure" or "dwelling."

It is true that "any ambiguities in an insurance contract must be construed against the insurer and in favor of the insured and a finding of coverage." Burton v. Choctaw County, 730 So. 2d 1, 7 (Miss. 1997). Even so, the parties' disagreement over the meaning of a provision does not make it ambiguous as a matter of law. Id. Where the language of the policy is unambiguous, courts must enforce the policy as written. Id.

We find no ambiguity in the terms arising from dictionary definitions. Webster's defines a dwelling as a "building or construction used for residence." WEBSTER'S THIRD NEW INT'L DICTIONARY 706 (1993). The principal legal dictionary says a dwelling is "the house or other structure in which a person or persons live; a residence; adobe; habitation; the apartment or building, or group of buildings, occupied by a family as a place of residence. Structure used as place of habitation." BLACK'S LAW DICTIONARY 505 (6th ed. 1991). Common to each of these definitions of "dwelling" is the requirement that the structure be habitable. Mr. and Mrs. Simmons have cited us to no authority from any jurisdiction for the proposition that the plain and ordinary meaning of a dwelling includes something more than a habitable structure. The argument is not made here that the driveway is a "building structure" distinct from the "dwelling," so we do not examine general definitions of the word "building."

We AFFIRM the summary judgment, based on the district court's holding that the Simmons's driveway is not a "dwelling" or "building structure" as those terms are used in Coverage A of the Shelter Mutual policy.